UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SAMIR BRITO BALANTA,

                     Plaintiffs,                      **COMPLAINT**

                  - against -                **Jury Trial Demanded**

THE CITY OF NEW YORK; UNKNOWN POLICE
OFFICERS 1 - 10, being 10 unknown officers of the
Police Department of the City of New York,

                     Defendants.
---------------------------------------------------------------X

Plaintiff, complaining of the defendant, by his attorneys, SHIMKO LAW PC, alleges for his complaint as follows:

## THE PARTIES

1. At all times mentioned herein, the plaintiff, SAMIR BRITO BALANTA is a natural person residing in the City and State of New York, County of New York.

2. Upon information and belief, the defendant THE CITY OF NEW YORK ("City") is a municipal corporation organized and existing under the laws of the State of New York.

3. The defendants named herein as JOHN DOES 1 - 10, are intended to be two officers of the Police Department of the City of New York, whose exact identities are unknown to the plaintiff, but who are the officers who arrested Plaintiff on May 26, 2024.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 USC § 1331, as plaintiff asserts a cause of action under 42 USC § 1983.

5. Venue is properly placed in the United States District Court for the Southern District of New York since a substantial part of the events or omissions giving rise to the claim occurred in this District.

**THE UNDERLYING FACTS**

6. On or about May 26, 2024 at approximately 11:00 p.m. the plaintiff was on Westchester Avenue near the intersection of Manor Avenue in the Bronx when that plaintiff was assaulted, battered, and robbed by two unknown individuals.

7. The two men fled, leaving the plaintiff bleeding from his head.

8. The police were called and approximately 15 officers arrived at the scene.

9. The officers that arrived took a confrontational approach with the plaintiff as soon as they arrived, acting as if he were a criminal, instead of a victim. The officers displayed little to no concern that the plaintiff was assaulted, battered, robbed, and left bleeding.

10. The interaction between the officers and the plaintiff devolved and a group of approximately ten police officers tackled the plaintiff, pulling and pinning him to the ground. They aggressively and violently handcuffed him, utilizing excessive force.

11. The plaintiff was placed under arrest and then taken Jacobi Medical Center.

12. After he was treated at Jacobi Medical Center, he was released.

13. No charges were ever filed against the plaintiff.

14. No citations, tickets, or violations were issued to the Plaintiff.

15. As a result of the defendants' actions, the plaintiff was caused to suffer severe and permanent personal injuries, including: left elbow dislocation; pain and humiliation; intense pain and discomfort relating to application of handcuffs; sleep deprivation; was subjected to false arrest; was deprived of his liberty; and plaintiff was otherwise injured.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 1983

16. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

17. Upon information and belief, at all times relevant to this complaint, the police officers named herein were acting under the color of state authority.

18. Upon information and belief, at all times relevant to this complaint, the defendant police officers subjected the plaintiff to the aforementioned conduct, which constituted a deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States of America and the State of New York.

19. Upon information and belief, the conduct of the defendant police officers was consistent with the policies of the defendant of the City of New York and New York City Police Department, and as such the Defendant City of New York is directly liable for the actions of the police officer defendants.

20. Additionally, the Defendant City of New York is vicariously liable for the actions of the police officer defendants as the actions alleged herein were within the scope of the employment of the police officer defendants.

21. The defendants are jointly and severally liable.

22. By reason of the foregoing, the plaintiff is entitled to recover from the defendant pursuant to 42 U.S.C. § 1983 for the full extent of his damages, in an amount to be determined at trial.

**WHEREFORE**, the plaintiff demands judgment against the defendant in an amount no to exceed $2,000,000 and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated: Brooklyn, New York
July 17, 2024

Respectfully submitted,
SHIMKO LAW PC
*Attorneys for the Plaintiff(s)*

by: _____
Daniel Shimko, Esq.

300 Cadman Plaza West
12th Floor
Brooklyn, New York 11201
718-504-5533